FILED

2008 May-20  PM 12:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LISA BERRY, | ) | |
| an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 2:08-cv-00865-LSC |
| FIA CARD SERVICES, N.A., | ) | |
| a Corporation, TRANSUNION | ) | Removed from the Circuit Court |
| LLC, a Corporation | ) | of Jefferson County |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANT
## FIA CARD SERVICES, N.A.

COMES NOW Defendant FIA Card Services, N.A. ("Defendant" or "FIA"), by and through counsel, and answers the allegations in Plaintiff's Complaint as follows:

1.     Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 1, and therefore denies the same.

2.     Defendant admits FIA Card Services, N.A. is a national banking association that does business in Alabama.   Except as stated, Defendant denies the allegations of paragraph 2.

3.     Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 3, and therefore denies the same.

4.     Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 4, and therefore denies the same.

5.     Defendant denies the allegations of paragraph 5.

6.     Defendant admits the allegations of paragraph 6.

7.     Defendant admits that in or around September 2000 Plaintiff, Lisa R. Berry (formerly known as Lisa R. Doyle), and Michael H. Doyle jointly opened a revolving credit card account (the "Account") with Fleet Bank, a predecessor in interest to FIA.  The account number for the Account was **** **** **** 4115 and later converted to **** **** **** 2842.  Defendant further admits that Plaintiff and Michael H. Doyle defaulted on the Account, and that, in or around October 2005, Michael H. Doyle filed for Chapter 7 bankruptcy leaving Plaintiff solely responsible for payment of the debt associated with the Account.  The account was closed in June 2005.  Defendant is without sufficient knowledge to form a belief as to the remaining allegations of paragraph 7, and therefore denies the same.

8.     Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 8, and therefore denies the same.

9.     Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 9, and therefore denies the same.

10.    Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 10, and therefore denies the same.

11.    Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 11, and therefore denies the same.

12.    Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 12, and therefore denies the same.

13.    Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 13, and therefore denies the same.

14.    Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 14, and therefore denies the same.

15.    Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 15, and therefore denies the same.

16.    Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 16, and therefore denies the same.

17.    Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 17, and therefore denies the same.

18.    Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 18, and therefore denies the same.

19.    Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 19, and therefore denies the same.

20.     Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 20, and therefore denies the same.

21.     Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 21, and therefore denies the same.

22.     Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 22, and therefore denies the same.

23.     Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 23, and therefore denies the same.

24.     Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 24, and therefore denies the same.

25.     Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 25, and therefore denies the same.

26.     Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 26, and therefore denies the same.

27.     Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 27, and therefore denies the same.

28.     Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 28, and therefore denies the same.

29.     Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 29, and therefore denies the same.

30.    Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 30, and therefore denies the same.

31.    Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 31, and therefore denies the same.

32.    Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 32, and therefore denies the same.

33.    Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 33, and therefore denies the same.

34.    Defendant admits that the account number for the Account was converted from **** **** **** 4115 to **** **** **** 2842 after Plaintiff defaulted on the Account and that both account numbers refer to a single Account. Defendant is without sufficient knowledge to form a belief as to the remaining allegations of paragraph 34, and therefore denies the same.

35.    Defendant denies the allegations of paragraph 35.

36.    Defendant admits that it received the letter referred to in paragraph 36 which speaks for itself.    Except as stated, Defendant denies the allegations of paragraph 36.

37.    Defendant denies the allegations of paragraph 37.

38.    Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 38, and therefore denies the same.

39.    Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 39, and therefore denies the same.

40.    Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 40, and therefore denies the same.

41.    Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 41 and therefore denies the same.

42.    Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 42 and therefore denies the same.

43.    Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 43, and therefore denies the same.

44.    Defendant admits the allegations of paragraph 44.

45.    Defendant denies that it is defaming Plaintiff in any way.  Defendant is without sufficient knowledge to form a belief as to the remaining allegations of paragraph 45, and therefore denies the same.

46.    Defendant denies that it furnished wrongful account information. Defendant is without sufficient knowledge to form a belief as to the remaining allegations of paragraph 46, and therefore denies the same.

47.    Defendant denies the allegations of paragraph 47.

48.    Defendant denies the allegations of paragraph 48.

49.    The allegations of paragraph 49 constitute conclusions of law to which no response is required.  Except as stated, Defendant denies the allegations of paragraph 49.

50.    Defendant incorporates the responses to paragraphs 1-49 as set out above.

51.    Defendant admits the allegation of paragraph 51.

52.    Defendant denies the allegations of paragraph 52.

53.    Defendant admits that FIA is a "furnisher" subject to the requirements of 15 U.S.C. § 1681s-2.  Except as stated, Defendant denies the allegations of paragraph 53.

54.    Defendant admits that it received notification of disputes submitted by Plaintiff from Trans Union LLC.  Except as stated, Defendant denies the allegations of paragraph 54.

55.    Defendant denies the allegations of paragraph 55.

56.    Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 56, and therefore denies the same.

57.    Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 57, and therefore denies the same.

58.    Defendant denies the allegations of paragraph 58.

59.    Defendant denies the allegations of paragraph 59.

60. Defendant incorporates the responses to paragraphs 1-59 as set out above.

61. The allegations of paragraph 61 constitute conclusions of law to which no response is required. Except as stated, Defendant denies the allegations of paragraph 61.

62. The allegations of paragraph 62 constitute conclusions of law to which no response is required. Except as stated, Defendant denies the allegations of paragraph 62.

63. The allegations of paragraph 63 constitute conclusions of law to which no response is required. Except as stated, Defendant denies the allegations of paragraph 63.

64. Defendant denies the allegations of paragraph 64.

65. Defendant denies the allegations of paragraph 65.

66. The allegations of paragraph 66 constitute conclusions of law to which no response is required. Except as stated, Defendant denies the allegations of paragraph 66.

67. Defendant denies the allegations of paragraph 67.

68. Defendant denies the allegations of paragraph 68.

69. Defendant incorporates the responses to paragraphs 1-68 as set out above.

70.     The allegations of paragraph 70 constitute conclusions of law to which no response is required.  Except as stated, Defendant denies the allegations of paragraph 70.

71.     The allegations of paragraph 71 constitute conclusions of law to which no response is required.  Except as stated, Defendant denies the allegations of paragraph 71.

72.     The allegations of paragraph 72 constitute conclusions of law to which no response is required.  Except as stated, Defendant denies the allegations of paragraph 72.

73.     Defendant denies the allegations of paragraph 73.

74.     Defendant denies the allegations of paragraph 74.

75.     Defendant denies the allegations of paragraph 75.

76.     The allegations of paragraph 76 constitute conclusions of law to which no response is required.  Except as stated, Defendant denies the allegations of paragraph 76.

77.     Defendant denies the allegations of paragraph 77.

78.     Defendant denies the allegations of paragraph 78.

79.     Defendant incorporates the responses to paragraphs 1-78 as set out above.

80.     Defendant denies the allegations of paragraph 80.

81.    Defendant denies the allegations of paragraph 81.

82.    Defendant incorporates the responses to paragraphs 1-81 as set out above.

83.    Defendant denies the allegations of paragraph 83.

84.    Defendant denies the allegations of paragraph 84.

85.    Defendant is without sufficient knowledge to form a belief as to the allegations of paragraph 85, and therefore denies the same.

86.    Defendant denies the allegations of paragraph 86.

87.    Defendant denies the allegations of paragraph 87.

88.    Defendant denies that Plaintiff is entitled to the relief sought in paragraph 88.

89.    Defendant denies that Plaintiff is entitled to the relief sought in paragraph 89.

## **FIRST AFFIRMATIVE DEFENSE**

Defendant reserves the right to further respond to Plaintiff's allegations and to amend its Answer to assert other affirmative defenses.

## **SECOND AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be subject to mandatory and binding arbitration pursuant to written agreements between Plaintiff and the proper party Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the applicable statutes of limitation.

## FIFTH AFFIRMATIVE DEFENSE

The claims purportedly stated by Plaintiff are barred, in whole or in part, by lack of actual or proximate cause.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has asserted state law claims, those claims are preempted by federal law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail as a matter of law either due to a lack of statutory duty imposed on Defendant or a lack of allegations of facts required to state a claim under the statutes relied upon.

## EIGHTH AFFIRMATIVE DEFENSE

Certain of Plaintiff's claims may be based upon statutes that do not support or provide for enforcement by private cause of action.

## NINTH AFFIRMATIVE DEFENSE

FIA at all times acted in good faith and without scienter. To the extent that the Fair Credit Reporting Act applies and to the extent any violation of the Fair Credit Reporting Act occurred, each of which is expressly denied, such violation was not intentional and resulted from bona fide error notwithstanding the maintenance of procedures by FIA reasonably adopted to avoid any such error. At all times FIA had policies and procedures in place that are consistent with compliance with the Act.

## TENTH AFFIRMATIVE DEFENSE

Defendant at all times acted in good faith and without actual malice.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and causes of action asserted against this Defendant are barred, in whole or in part, by the doctrine of qualified, conditional and/or absolute privilege.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and causes of action asserted against this Defendant are barred, in whole or in part, by the doctrine of waiver, collateral estoppel and/or equitable estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and causes of action asserted against this Defendant are barred, in whole or in part, by the doctrines of consent and/or acquiescence.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and causes of action asserted against this Defendant are barred, in whole or in part, by the doctrine of laches.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and causes of action asserted against this Defendant are barred, in whole or in part, by the doctrine of unclean hands, unconscionability and Plaintiff's own inequitable conduct.

## SIXTEEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate any damages that she may have incurred.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant is not liable because it has acted in good faith in conformity with applicable rules, regulations, laws and statutory interpretation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case is subject to those limitations established by the Alabama Legislature and set forth in § 6-11-21, ALA. CODE (1975). The Alabama Supreme Court's action abolishing the legislatively-created cap on punitive damages was unconstitutional and is without effect. Under the

Constitution of the United States and the state of Alabama, the Alabama Supreme Court cannot abolish the cap created by the Legislature on punitive damages through judicial fiat. *See* *Honda Motor Co. Ltd. v. Oberg*, 512 U.S. 415, 114 S.Ct. 2331, 129 L.Ed.2d 336 (1994)

<u>**NINETEENTH AFFIRMATIVE DEFENSE**</u>

Plaintiff's claim for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the United States Constitution and/or the common law and/or the public policies of the United States on the following grounds:

a.      It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant, upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases.

b.      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a Defendant, which violates Defendant's rights to due process as guaranteed by the United States Constitution.

c.      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages, which violates the

Due Process Clause of the Fourteenth Amendment of the United States Constitution.

d.    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and the Defendant's due process rights.

e.    Plaintiff's claim for punitive damages against this Defendant cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate this Defendant's due process and equal protection rights as guaranteed by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

f.    The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and in violation of the Defendant's due process rights.

g.     Plaintiff's claim for punitive damages against this Defendant cannot be sustained because any award of punitive damages under Alabama law would violate this Defendant's due process rights in as much as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

h.     Plaintiff's claim of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages are unconstitutionally vague, indefinite and uncertain, and they deprive this Defendant of due process of law.

i.     Plaintiff's claim of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages cause this Defendant to be treated differently from other similarly situated persons/entities by subjecting this Defendant to liability beyond the actual loss, if any, caused by Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

j.     Plaintiff's claim of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages, subject this Defendant to punishment for the conduct of others

through non-apportionment of damages among joint tortfeasors based on the respective size of their alleged misconduct, in violation of Defendant's due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

k.      Plaintiff's claim for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages expose this Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss allegedly caused by Defendant's conduct, creating a chilling effect on Defendant's exercise of its right to a judicial resolution of this dispute.

l.      Plaintiffs are not entitled to recover punitive damages, which are penal in nature, because it would violate the self incrimination clause of the Fifth Amendment to the United States Constitution to compel this Defendant to disclose potentially incriminating documents and evidence.

m.      An award of punitive damages in this case would constitute a deprivation of property without due process of law.

n.      The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

o.      The procedures pursuant to which punitive damages are awarded subject this Defendant to punishment under a law not fully established before the alleged offense.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claim to punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the Alabama Constitution and/or the common law or public policies of Alabama on the following grounds:

a.      It is a violation of Article I, §§ 1 and 6 of the Alabama Constitution to impose punitive damages, which are penal in nature, upon a civil Defendant upon the Plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" standard required in criminal cases.

b.      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a Defendant in violation of this Defendant's due process rights guaranteed by the Alabama Constitution.

c.      The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, indefinite and uncertain, and they deprive this Defendant of due process of law in violation of the Alabama Constitution.

d.      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages and deprive this Defendant of due process of law in violation of the Alabama Constitution.

e.      An award of punitive damages in this case would constitute a deprivation of property without due process of law.

f.      The procedures pursuant to which punitive damages are awarded cause this Defendant to be treated differently from other similarly situated persons and/or entities by subjecting this Defendant to liability beyond the actual loss, if any, caused by this Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

g.      The procedures pursuant to which punitive damages are awarded may result in the imposition of different or disparate penalties for the same or similar conduct, which denies this Defendant its rights of equal protection and due process.

h.      The procedures pursuant to which punitive damages may be awarded allow excessive fines to be imposed in violation of Article I, § 15 and Article I, § 1 of the Alabama Constitution and in violation of this Defendant's due process rights.

i.      The procedures pursuant to which punitive damages are awarded subject this Defendant to punishment under a law not fully established before the alleged offense, in violation of Article I, § 7 of the Alabama Constitution.

j.      It is a violation of the Alabama Constitution to impose punitive damages against this Defendant, which are penal in nature, yet compel him to disclose potentially incriminating documents and evidence.

k.      The procedures pursuant to which punitive damages are awarded subject this Defendant to punishment for the conduct of others through non-apportionment of damages among joint tortfeasors based on the respective size of their alleged misconduct, in violation of this Defendant's due process rights and Article I, §§ 1, 6, 13 and 22 of the Alabama Constitution.

l.      The procedures pursuant to which punitive damages are awarded expose this Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss allegedly caused by Defendant's conduct, creating a chilling effect on Defendant's exercise of its right to a judicial resolution of this dispute.

m.      The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

n.      Plaintiff's claim for punitive damages against this Defendant cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate this Defendant's due process and equal protection rights guaranteed by the Alabama

Constitution.   Further, to allow such an award would be improper under the common law and/or public policies of the State of Alabama.

o.   Plaintiff's claim for punitive damages against this Defendant cannot be sustained because any award of punitive damages under Alabama law would violate this Defendant's due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

An award of punitive damages will violate this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and this Defendant's rights under Article I, §§ 6 and 13 of the Constitution of Alabama of 1901.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's recoverable damages are limited in whole or part by statute.

WHEREFORE, Defendant respectfully requests:

1.   That the Complaint be dismissed with prejudice;

2.   That all costs of this action, including attorneys' fees, as allowed by law, be assessed against the Plaintiff;

3.   For such other and further relief as the Court deems just and proper.

This the 20th day of May, 2008.

/s/ John W. Scott
John W. Scott, Esq.
Kimberly W. Geisler, Esq.
Attorneys for the Defendant
FIA Card Services, N.A.

OF COUNSEL:
SCOTT DUKES & GEISLER, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
Telephone: (205) 251-2300
Telecopier:  (205) 251-6773

*Of Counsel, To Be Admitted Pro Hac Vice:*
KENNEDY COVINGTON LOBDELL & HICKMAN, L.L.P.
Todd W. Billmire
N.C. State Bar No. 34431
214 North Tryon Street, 47th Floor
Charlotte, NC  28202
Ph:    (704) 331-7400
Fax:   (704) 353-3153
tbillmire@kennedycovington.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing Answer was filed on May 20, 2008 filed and served upon all other parties to this action by depositing a copy of the same in the United States mail, first-class postage prepaid, addressed as follows:

John G. Watts
Watts law Group P.C.
15 Office Park Circle
Suite 206
Birmingham, AL 35223

M. Stan Herring
M. Stan Herring, P.C.
700 29th Street South
Suite 201
Birmingham, AL 35233

/s/John W. Scott _____
Of Counsel